HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CLARENCE MAY,

        Plaintiff,

  v.

PIERCE COUNTY,

        Defendant.

CASE NO. C19-6167RBL

ORDER

THIS MATTER is before the Court on Plaintiff May's Motion to Remand this matter back to Kitsap County Superior Court. May sued Pierce County (in the adjacent Kitsap County Superior Court) under 42 U.S.C. § 1983 for violating his Fifth and Fourteenth Amendment constitutional rights. He also asserted various state law claims (including state constitutional claims), all arising out of Pierce County's nuisance abatement efforts aimed at property he purchased from a non-party, Mayweather. Pierce County timely removed the case here, based on the federal claims. 28 U.S.C. § 1331.

May asks the Court to remand the entire case to state court in the name of judicial efficiency, or to at least "split" his federal § 1983 claims from his state law claims, and remand just the state law claims, and stay the federal claims pending here. May argues that his state law

claims are unusual and that they substantially predominate over his federal constitutional claims. He points out that the removing defendant has the burden of demonstrating that this Court has jurisdiction, but Pierce County has plainly met its burden of demonstrating that this Court has jurisdiction over May's § 1983 and related state law claims. 28 U.S.C. §§ 1331 and 1367(a).

As Pierce County points out, there is no authority for the proposition that this Court can or should remand § 1983 claims over which it has original jurisdiction, based on the plaintiff's assertion that his state law claims are more important. A plaintiff who asserts federal claims is going to have his case removed under § 1331, and under §1367, this Court has supplemental jurisdiction over related state law claims.

May's motion is therefore more accurately one under § 1367(c)(1) or (2), asking the Court to decline to exercise the jurisdiction it clearly has over May's state law claims. The Court has discretion to exercise supplemental jurisdiction over the related state law claims. *See* 28 U.S.C. § 1367(a); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs* values 'of economy, convenience, fairness, and comity.'" *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citations omitted).

Splitting one case into two (a federal and a state litigation) is the opposite of judicial economy. It is not efficient for the litigants, either. It costs more, takes more time, and leads to the potential for inconsistent results. For this reason, it is disfavored. A plaintiff concerned that his case raises novel state law issues that he wants heard by a state court has the ability to do so, by declining to assert "minor" federal claims. May did not do so; he asserted two § 1983 claims, and will presumably seek damages and attorneys' fees if he prevails on them.

The Court will not split this case into two separate cases involving the exact same facts. May's Motion to Remand [Dkt. # 7] is **DENIED**. The Court may re-visit the issue upon the resolution of the pending motion to dismiss [Dkt. # 9].

IT IS SO ORDERED.

Dated this 10th day of January, 2020.

Ronald B. Leighton
United States District Judge