UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLARENCE MAY, a single man,<br><br>                     Plaintiff,<br>    v.<br><br>PIERCE COUNTY, a Washington Municipal Corporation,<br><br>                     Defendant. | CASE NO. 3:19-cv-06167-RBL<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS PURSUANT OT FRCP 12(B)(6)<br><br>DKT. # 9 |

THIS MATTER is before the Court on Defendant Pierce County's Motion to Dismiss Plaintiff Clarence May's Complaint. Dkt. # 9. This case is a close companion to *Canyon Properties, LLC v. Pierce County*, No. 3:19-cv-06168 (W.D. Wash. 2019), which is also before this Court. Both cases are brought by the same law firm, against the same defendant, and allege that Pierce County executed a warrant and removed the plaintiff's possessions from his property despite the fact that the plaintiff had complied with the County's abatement order. More specifically, May alleges that Pierce County employees came to his property without notice, ordered May off the premises, removed such items as motorcycles, a woodchipper, and a washing machine, and dismantled his barn. Complaint, Dkt. # 2-2, at 3-4.

As with *Canyon Properties*, May's Complaint contains a confusing description of his claims; he mentions declaratory relief, financial compensation, due process violations and a taking under both the U.S. and Washington State Constitutions, and 1983 liability, but it is unclear how all those pieces fit together. In his Opposition to the County's Motion, May clarifies that he asserts three claims: one claim for damages under § 1983, and two claims for declaratory judgment, presumably that the County violated May's due process rights and committed a taking (it is unclear whether the declaratory judgment claims are under both the U.S. and Washington Constitutions, in which case there would actually be four claims). Dkt. # 12 at 11-12.

The County argues that May's 1983 claim is not viable because he fails to identify a "policy or custom" of constitutional violations, as required for governmental entity liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 659 (1978). The County also argues that the Fifth Amendment's Taking Clause is inapplicable here because the removal of May's property was accomplished pursuant to the County's police power, not eminent domain. Finally, the County contends that May's due process claim fails because the Complaint does not challenge the warrant and merely alleges negligence on the part of the County employees and, in any case, this claim is not ripe because May has other administrative and state law remedies available to recover his property.

In response, May argues that his 1983 claims is proper because the County is a "person" under *Monell* and the warrant was executed under color of law. May further argues that, because the abatement proceedings did not give notice that May's motorcycles and other items were considered a nuisance, his due process rights were violated. He offers no defense of his Fifth Amendment takings claim.

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *id.*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Here, all of May's claims do not live up to 12(b)(6) pleading standards and must be dismissed. Whatever constitutional theory underlies May's 1983 claim, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Rather, "[i]n order to establish liability for governmental entities under *Monell*, a plaintiff must prove "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Here, May fails to allege that any County policy or custom was the moving force behind this isolated enforcement action. Complaint, Dkt. # 1-2, at 6-7. May argues that it is sufficient for a 1983 action that the County was acting according to its code, but this displays a fundamental misunderstanding of how 1983 *Monell* liability works. Imposing liability for unconstitutionally enforcing a constitutional law in isolated instances would amount to precisely the type of *respondeat superior* liability that was rejected in *Monnel*. If May wishes to assert a 1983 claim against the County, rather than the individuals that carried out or ordered the abatement action, he will have to allege concrete facts showing a policy or custom of unconstitutional enforcement of Pierce County Code 8.08.080 or some other law. May's 1983 claim is dismissed.

May's due process claim is also poorly pled. In its rambling description of May's claims, the Complaint alleges that "neither the warrant of abatement nor the abatement pleadings gave

Mr. May the slightest notice that Pierce County was going to come onto his property and seize his possessions and tear down his historic barn," and that the County "did not give him the slightest opportunity to defend his property . . . [and issued a] vague abatement warrant" that did not properly identify the items subject to seizure. Dkt. # 2-2 at 5-6. However, May bizarrely argues in his Opposition that the County "wrongly alleges that Mr. May has asserted a claim that the abatement warrant has violated his right to due process; that is not the case." Dkt. # 2-2 at 11. Apparently, May's allegations about the warrant and other proceedings are "anecdotal background information." *Id*. But elsewhere in his Opposition, May states, "Because the County failed to give notice that [the particular seized items] w[ere] subject to nuisance abatement, the County' notices of the abatement action violated Mr. May's right to due process." *Id*. at 9.

"To obtain relief on a procedural due process claim, the plaintiff must establish the existence of '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process.'" *Stamas v. Cty. of Madera*, 795 F. Supp. 2d 1047, 1077 (E.D. Cal. 2011) (quoting *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008)). The Washington Constitution's requirements for a due process claim are similar. *See Didlake v. Washington State*, 186 Wash. App. 417, 426 (2015) ("Essential elements of procedural due process include notice and a meaningful opportunity to be heard.").

Here, May's own self-contradictions and the uncertain line between his claims and "anecdotal background information" leave his claims too ill-defined to survive dismissal. Based on May's combined statements, the Court cannot tell if he is challenging the warrant and other pleadings as unconstitutionally vague or if he believes the officers who executed the warrant abused their discretion. The Court cannot reasonably infer that the County is liable when the

contours of May's claims are this uncertain. *Iqbal*, 556 U.S. at 678. Dismissal with leave to amend is thus the proper remedy.

This leaves only May's declaratory relief claim under the Takings Clause. May's Complaint repeatedly alleges that the County "took and destroyed May's property without giving him reasonable compensation for it." Dkt. # 2-2 at 7. However, May's Opposition offers no defense of his Takings claim, apparently because he believes that no defense is necessary because he only wants declaratory judgment. Dkt. # 12 at 12. As the County points out, though, May's strange preference for declaratory relief without an accompanying injunction or damages has no impact on the underlying requirements for success in his claims. Dkt. # 13 at 6. He still must plausibly allege an unconstitutional taking to succeed.

"The Takings Clause 'is designed not to limit the governmental interference with property rights per se, but rather to secure compensation in the event of otherwise proper interference amounting to a taking.'" *Warkentine v. Soria*, 152 F. Supp. 3d 1269, 1292 (E.D. Cal. 2016) (quoting *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537 (2005)). "When the government seizes property in the exercise of its police powers, the Takings Clause is not applicable." *Id*. (citing *Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1330-31 (Fed. Cir. 2006) (holding that the plaintiff's claim that the government ran afoul of the customs statutes when seizing goods did not support a takings claim)); *Hardy v. Cty. of El Dorado*, No. CIV.S-07-0799RRBEFB, 2008 WL 268966, at *7 (E.D. Cal. Jan. 29, 2008) (dismissing claim that removal of vehicles pursuant to nuisance abatement action violated Takings Clause with prejudice); *see also Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 492 n.22 (1987) ("Courts have consistently held that a State need not provide compensation when it diminishes or destroys the value of property by stopping illegal activity or abating a public nuisance."). Washington State's

Constitution also does not support a takings claim for execution of warrants that are necessary for public safety and the general welfare of society. *Eggleston v. Pierce Cty.*, 148 Wash. 2d 760, 771, 64 P.3d 618, 623, 625 (2003).

Local Civil Rule 7(b)(2) provides that, "[e]xcept for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Here, to the extent that May articulates a takings claim, it is premised on the County's removal of his personal property pursuant to the warrant without just compensation. Such a claim is legally deficient because the County seized May's property pursuant to its police power to protect the public's health and safety. May's takings claim therefore must be dismissed with prejudice because amendment would be futile.

## CONCLUSION

For the above reasons, the County's Motion to Dismiss is GRANTED. May's Takings claim is DISMISSED with prejudice and without leave to amend. May's 1983 and Due Process claims are DISMISSED with leave to amend. May must file an amended Complaint within 21 days of this Order; if he fails to do so this case will be dismissed in full.

In addition to remedying the substantive problems with his claim(s), May should take this opportunity to improve the clarity of his Complaint. The Court recommends that May clearly delineate his claims, preferably by describing each one under its own heading, and explain the legal theory behind each claim (i.e., explain exactly how the alleged facts give rise to each violation). May should also be sure to explain the constitutional basis for his 1983 claim, since that statute relies on a constitutional violation to support a claim. This will help avoid the

confusion and semantic quibbling that pervaded these briefs and save the Court from wasting more time trying to divine exactly what claims are at issue.

IT IS SO ORDERED.

Dated this 11th day of February, 2020.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge